IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DANIEL JOSEPH LICKTEIG**                                              **PLAINTIFF**

**V.**                              **CASE NO. 5:19-CV-05236**

**DON TROTTER**                                                        **DEFENDANT**

## OPINION AND ORDER

This is a habeas corpus action filed by the Plaintiff Daniel Joseph Lickteig pursuant to 28 U.S.C. § 2241. Lickteig proceeds *pro se* and has filed a motion to proceed *in forma pauperis* ("IFP").

### I. BACKGROUND

When Lickteig submitted his initial petition (Doc. 1) and IFP application (Doc. 3), he was not incarcerated. Instead, in an effort to meet the "in custody" requirement of the federal habeas corpus statutes, Lickteig alleged he was virtually in the custody of Lawrence County, Missouri, because of the existence of a pending unexecuted warrant for his arrest in the case of *State v. Lickteig*, 19-LW-CR00961. That criminal case is still pending in the Lawrence County Circuit Court, Associate Circuit Judge Scott S. Sifferman, presiding. Lickteig submitted pages from the docket sheet in that case to establish that he was being charged with felony forgery in the first degree and that an arrest warrant had been issued on December 13, 2019. The named Defendant in the instant case, Don Trotter, is the prosecuting attorney for Lawrence County.[1]

Since the filing of this action, Lickteig was arrested in Benton County, Arkansas. He has pending a misdemeanor failure-to-appear charge out of the Rogers District Court.

---

[1] Lickteig follows Prosecutor Trotter's name with the ubiquitous "et al.," without listing any other defendants by name.

1

A bond of "written promise" was set on that charge. Publicly available jail inmate details also indicate Lickteig is being held on an out-of-state felony charge of forgery in the first degree—which appears to be the Lawrence County case previously referenced.[2]

On January 17, 2020, Lickteig, acting through a designee named Randall West, submitted a notice to the clerk which has been filed as a Motion to Amend the Petition (Doc. 5). In the document, Lickteig states that he is being held in the Benton County Detention Center ("BCDC") on a hold for Lawrence County, Missouri. Lickteig asks that the Court "expedite my remedy for what I allege is a miscarriage of justice and the respondent to prove jurisdiction and all elements of the 'FELONY FORGERY' charges out of Lawrence County, Missouri." *Id.* at 1. He also asks that *State v. Lickteig*, 19-LW-CR00961, be removed from the Lawrence County Circuit Court to this Court.

## II. DISCUSSION

Section 2241 provides relief for persons "in custody in violation of the Constitutional or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 may be used to challenge ongoing state criminal actions. *See Davis v. Muellar*, 643 F.2d 521, 522 (8th Cir. 1981).

Before pursuing relief under § 2241, a state pretrial detainee must fully exhaust his state remedies. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pretrial habeas relief. Only when 'special circumstances' exist will a federal court find that a pretrial detainee has exhausted state remedies." *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "In most cases courts will not consider claims that can be raised at

---

[2] https://sheriff.bentoncountyar.gov/jail-detention/ (accessed Jan. 28, 2020).

trial and in subsequent state proceedings." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999) (quotation marks and citations omitted). Here, Lickteig makes no argument that he exhausted his state court remedies. Rather, he contends he has filed this lawsuit "preemptively." Lickteig will have the opportunity to raise his constitutional challenges in the context of his state criminal proceedings. He has failed to exhaust available state remedies. His habeas petition must be denied.

To the extent Lickteig seeks to remove his Lawrence County criminal case to this Court, no removal jurisdiction exists. Although under certain circumstances, "criminal prosecutions commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending," 28 U.S.C. § 1443, there is no provision that allows a defendant to move a state criminal case across state lines to the district and division in which he currently resides. Thus, no removal jurisdiction exists.

Finally, it is a settled principle of comity that state courts should be allowed to exercise their functions without interference from the federal courts, particularly where a state criminal trial is pending. *Hicks v. Miranda*, 422 U.S. 332 (1975). The Supreme Court held in *Younger v. Harris*, 401 U.S. 37, 54 (1971), that absent extraordinary circumstances, federal courts should not enjoin state criminal prosecutions. The *Younger* abstention doctrine applies "if the proceeding: (1) involves an ongoing state judicial proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity to raise constitutional challenges in the state proceeding." *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011). Clearly, *Younger* abstention applies to the claims made in this case.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Lickteig's habeas corpus petition is **DENIED** and the case **DISMISSED**. No other grounds for federal court jurisdiction exist. All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED** on this 14TH day of February, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE